**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                 **TELEPHONE (605) 224-0560**
**BANKRUPTCY JUDGE**                                                               **FAX (605) 224-9020**

December 23, 2005

James E. Carlon, Esq.
Counsel for Debtors
Post Office Box 249
Pierre, South Dakota   57501

Robert C. Riter, Esq.
Counsel for BankWest, Inc.
Post Office Box 280
Pierre, South Dakota   57501

        Subject:  *In re Kyle A. and Melissa K. Wilhelmsen,*
                  Chapter 13, Bankr. No. 05-30049

Dear Counsel:

        The matter before the Court is the valuation of a 2001 Ford pickup, which serves as the collateral for BankWest, Inc.'s secured claim.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the Court concludes the value of the pickup for plan purposes is $15,500.00.

        *Summary*. Kyle A. and Melissa K. Wilhelmsen ("Debtors") filed a Chapter 13 petition in bankruptcy on May 12, 2005.  In their schedules, they acknowledged they own a 2001 Ford F-150 pickup, and they valued it at $13,500.  They also stated in their schedules that BankWest had a secured claim against the pickup for $21,500.

        BankWest did not object to the first two plans proposed by Debtors.  Confirmation of each, however, was denied based on other parties' objections.

        In their third modified plan, Debtors stated BankWest had a secured claim on the pickup for $13,500 and they would make 60 monthly payments on this secured claim.  The balance of $8,000 was to be treated as an unsecured claim. BankWest objected, saying Debtors were not current on their vehicle payments and Debtors' valuation of the pickup was too low.  The bank opined the vehicle's current value was actually $20,650.

*In re Wilhelmsen*
December 23, 2005
Page 2.

  A confirmation hearing on the third modified plan was held October 4, 2005. The plan was confirmed subject to a subsequent valuation hearing on the pickup securing BankWest's claim.

  At the November 1, 2005 valuation hearing, various testimony and exhibits established that the pickup has four-wheel drive, a theft recovery system, a compact disc player, running boards, a bed liner, a power seat, and a four-door cab. The cab had cloth seats. The wheels are steel, not aluminum alloy.

  Debtor Melissa Wilhelmsen testified she purchased the pickup in mid-September 2004 from a Ford dealer in Platte, South Dakota, for $21,548 when it had 47,657 miles on it. She acknowledged she borrowed $24,000 to cover the cost of the pickup and the deficiency on the Jeep Liberty that was used as a trade. She further testified she and her husband valued the pickup for plan purposes at $13,500 based on Sioux Falls Ford's assessment, an auctions report found on the internet, some other similar pickups offered for sale on the internet, and classified vehicle sale advertisements from the Rapid City Journal. She stated the pickup currently has 90,000 miles. Regarding condition, she testified she believes the "rear-end" started going out the first part of October. She had not obtained any repair estimates.

  Debtor Melissa Wilhelmsen conceded she is not an expert vehicle appraiser. She acknowledged a purchaser at auction would likely incur some sales commission and possible transportation costs, thus making an auction price different than fair market value.

  Jeff Johnson, the manager of the BankWest branch in Gregory, South Dakota, testified he approved Wilhelmsen's loan for the pickup. He said the bank ran an NADA appraisal at the time of the loan. He said the bank agreed to loan more than the value of the vehicle because Melissa Wilhelmsen and her family were good customers, she was a veteran, and she pledged $6,000 of a year-end bonus toward the loan. He said the Midwest region NADA retail value in September 2004 for such a vehicle was $22,425. Johnson further testified the NADA Midwest region retail value in August 2005 was $19,525 and the NADA Midwest region retail value in November 2005 was $17,750. He said he personally viewed the pickup and determined the body was in good shape. Johnson also testified the bank usually lends at the loan value. According to the bank's NADA Midwest region valuations, the loan value in September 2004 was $17,775, in August 2005 it was $15,200, and in November 2005 it was $13,575.

*In re Wilhelmsen*
December 23, 2005
Page 3.

Norm Putnam, the used car manager at Capital Motors [in Pierre, South Dakota] stated he has provided professional vehicle appraisals in the past. In preparing a valuation of the subject vehicle, Putnam stated he consulted the usual valuation guides -- NADA and Manheim auction reports -- based on the make, model, and mileage, and he viewed the bank's photographs of the pickup. He said the exterior condition looked average or slightly above average. He acknowledged he did not see the interior. Based on this information, Putnam opined Debtors' pickup's fair market value was $15,500, with $15,000 being the lowest price he would accept as a seller.

Putnam testified he did not factor in any potential repair work that, according to Debtor Melissa Wilhelmsen, may need to be done on the rear-end. If indeed the pickup needed repairs, he estimated the repair costs would run between $400 and $1,000.

*Discussion*. A Chapter 13 plan must provide each holder of a secured claim will retain his lien and receive the present value of his claim on the effective date of the plan, unless the creditor accepts other treatment or the debtor surrenders the property. 11 U.S.C. § 1325(a)(5). If the debtor elects to keep the property, the collateral must be valued for plan treatment purposes at the replacement-value standard, which is what a willing buyer in the debtor's situation would pay a willing seller. *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 960 (1997). Since § 1325(a)(5) requires that the creditor will receive the present value of the collateral on the effective date of the plan, the value on the date of the confirmation hearing is used (which assumes the effective date of the plan is the same date or soon thereafter). *In re Mitchell*, 320 B.R. 687, 689 (Bankr. E.D. Mo. 2005); *In re May*, 194 B.R. 853, 855 (Bankr. D.S.D. 1996).

The best evidence of replacement value in this case was the professional appraisal of $15,500 provided by Putnam. Though ideally he should have personally inspected the pickup, he was able to view good photographs of it. Putnam was also very familiar with the particular make and model of the pickup and the area market for it. Consequently, the Court accepts his valuation.

Though Debtor's testimony was credible, she is not a professional appraiser. Further, some of the comparables she offered varied in mileage, some had different options such as a moon roof or leather seats, and some were not from the same region.

No deduction is made for possible repair work. The record was not sufficient for the Court to determine what was actually in

*In re Wilhelmsen*
December 23, 2005
Page 4.


disrepair and what it would cost to fix it.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

Bankwest, Inc.
PO Box 998
Pierre, SD 57501

Robert C. Riter
PO Box 280
Pierre, SD 57501

Wells Fargo Bank
P. O. Box 30095
Walnut Creek, CA 94598

Kyle Adam Wilhelmsen
29167 341st Ave.
Burke, SD 57523

Melissa K. Wilhelmsen
29167 341st Ave.
Burke, SD 57523